UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COLONIAL VILLAGE CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-0899-MTS |
| ) | |
| BNSF RAILWAY CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Defendant's Notice of Removal. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (discussing a federal court's "independent obligation to determine whether subject-matter jurisdiction exists"). Defendant removed this action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant, though, has not provided sufficient facts that establish complete diversity of citizenship of the parties at the relevant times because it has not provided facts that establish Plaintiff's citizenship at any time. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that § 1332(a) "require[s] complete diversity [of citizenship] between all plaintiffs and all defendants"); *Brown v. Keene*, 33 U.S. 112, 115 (1834) (Marshall, C.J.) (explaining that an "averment of jurisdiction shall be positive, . . . stat[ing] expressly the fact on which jurisdiction depends," and that it is "not sufficient that jurisdiction may be inferred argumentatively from its averments").

Defendant correctly recognizes that a limited liability company's citizenship is that of its members for diversity jurisdiction purposes. Doc. [1] ¶ 27; *see also GMAC Com.*

*Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). But Defendant does not provide the identities of Plaintiff's members and the necessary facts pertaining to their citizenship. Doc. [1] ¶ 27. While Defendant points to and attaches answers to interrogatories that Plaintiff provided regarding its members, those answers, as best the Court can tell, identify certain corporations as Plaintiff's members but do not provide those corporations' states of incorporation and principal places of business. *See Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 932 F.3d 1102, 1104 (8th Cir. 2019) ("For purposes of establishing diversity jurisdiction, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1))).

If Defendant can establish this Court's subject matter jurisdiction, it must file an amended notice of removal that provides the requisite facts doing so. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that burden of establishing subject matter jurisdiction rests upon party asserting it); *Anderson v. Watts*, 138 U.S. 694, 702 (1891) (explaining that where jurisdiction depends upon the citizenship of the parties, "the facts which in legal intendment constitute [citizenship]" should be "distinctively and positively averred"). Here, to establish complete diversity, the amended notice must identify each of the individual members of Plaintiff and specifically plead *facts* that show their states of citizenship.* *See Sanders v. Clemco Indus.*, 823 F.2d 214, 216

---

* Defendant must ensure that it pleads facts establishing the citizenship of Plaintiff's members both at the time of removal and at the time Plaintiff filed this action in state court. *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

(8th Cir. 1987) (explaining that it is "inadequate to establish diversity" without stating "a corporate party's state of incorporation *and* its principal place of business"); *see also Scottsdale Ins. Co. v. Consumer Law Prot., LLC*, 1:23-cv-0101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's unidentified members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify the members of the LLC). If Defendant fails to do so, the Court must remand this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday, September 05, 2025**, Defendant shall file an amended notice of removal that establishes this Court's subject matter jurisdiction. Failure to do so will result in the remand of this action to the Missouri Circuit Court of Saint Louis County.

Dated this 26th day of August 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE